UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE O. HARRISON,<br><br>                                Plaintiff,<br><br>v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION,<br><br>and<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                              Defendants. | Civil Action No. 3:13-CV-435 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' Motion to Dismiss (ECF No. 11), on *pro se* Plaintiff George O. Harrison's ("Harrison") Motion for Leave to File Amended Complaint ("Motion to Amend") (ECF No. 17), and on Harrison's Motion for Leave to File Second Amended Complaint ("Second Motion to Amend") (ECF No. 19). Harrison brought suit against the United States Social Security Administration ("SSA") and Department of Education ("DOE") asserting due process and equal protection violations for the application of an administrative offset to Harrison's social security benefits in order to pay a debt owed to the DOE.[1] A hearing on the matter was held on December 19, 2013. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss and DENIES both Plaintiff's Motion to Amend and his Second Motion to Amend as futile.

---

[1] Harrison previously brought suit against only the SSA in this Court for the same alleged constitutional violations. *See* Civil Action No. 3:12-CV-498. The Complaint was dismissed without prejudice at the request of Harrison. A pending Motion to join the Internal Revenue Service and Department of Education as well as a Motion to Dismiss were denied as moot at that time.

1

## I. BACKGROUND[2]

Harrison is legally blind and applied for Social Security Title II disability benefits on August 21, 2009. On July 7, 2011, Harrison was awarded disability benefits based on a disability onset date of May 1, 2010, entitling him to benefits payments beginning in October 2010. Harrison does not indicate the amount of this disability payment but alleges that beginning in October 2011, the SSA began reducing his monthly benefits distribution by approximately $350. Harrison asserts in the Complaint that the SSA and the DOE have unlawfully seized $350 per month since October 2011 and that this seizure violates the Constitution's guarantees of due process and equal protection. He asserts jurisdiction by stating, "This Court has jurisdiction to hear and decide this action under the provisions of applicable statues (sic) of the United States Code." (Compl. ¶¶ 3, 8.) The Complaint requests compensatory and punitive damages of at least $450,000 and such other relief as the Court deems appropriate.

Defendants assert that the SSA has not imposed any reduction in Harrison's Social Security benefits. Rather, Defendants indicate that his payments have been offset pursuant to the Treasury Offset Program ("TOP") to satisfy Harrison's past-due obligations. The federal government may collect debts by administrative offset pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716 (c)(6). Pursuant to this statute, the TOP authorizes collection of debt by administrative offset after notifying the debtor of the possibility of offset and providing an opportunity to dispute the debt or make alternative payment arrangements. While Social Security benefits are subject to offset, *see Lockhart v. United States*, 546 U.S. 142, 145 (2005), the DOE is Harrison's creditor agency, making it responsible for the deduction in

---

[2] The facts are drawn from the Complaint, Defendants' Motion to Dismiss, and an affidavit attached thereto submitted by Walt Yuska ("Yuska Affidavit"). The Yuska Affidavit provides information gleaned from government records concerning Harrison's social security benefits and adjudications, which may be properly considered by the Court because the basis of Harrison's claim is the offset of social security benefits. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). In considering Defendants' Motion to Dismiss, however, the Court accepts all facts alleged in the Complaint as true and draws all reasonable inferences in favor of Harrison. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

the amount of Harrison's Social Security benefits payment. *See Johnson v. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008).

## II. LEGAL STANDARDS

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to raise a number of defenses to a complaint at the pleading stage, including lack of jurisdiction and failure to state a claim. The standard used to evaluate each defense varies. While a court must typically construe the pleadings of a *pro se* plaintiff liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court considering a motion to dismiss must still evaluate the *pro se* plaintiff's pleadings according to the standards developed under the Federal Rules of Civil Procedure. *See Robinson v. Johnson*, No. 3:07CV449, 2009 WL 874530, at *2 (E.D. Va. Mar. 26, 2009); *cf. Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). When a defendant moves for dismissal pursuant both to Rule 12(b)(1) and also to other Rule 12 defenses, the court resolves the 12(b)(1) motion first, because if the court lacks jurisdiction, the remaining motions are moot. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

It is well settled that the United States, as sovereign, is immune from suit except to the extent that it has consented to be sued by statute. *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Such statutory waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Moreover, they must be construed strictly in favor of the sovereign and may not be enlarged beyond what the statutory language requires. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-86 (1983). The terms of the waiver define the Court's jurisdiction to entertain the suit. *Sherwood*, 312 U.S. at 586.

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of*

3

*N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. 678.

The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Trimble Navigation Ltd.*, 484 F.3d at 705. To be "integral" to the complaint, an attached document must be "explicitly relied on," *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins., Co.*, 566 F.3d 150, 154 (4th Cir. 2009), or must be central to the claim "in the sense that its very existence . . . gives rise to the legal rights asserted," *Fisher v. Md. Dept. of Pub. Safety and Corr. Servs., et al.*, 2010 WL 2732334 (D. Md. July 8, 2010) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F.Supp.2d 801, 806 (E.D. Va. 2007)) (collecting cases that distinguish between integral and non-integral documents).

### III. DISCUSSION

Defendants assert two grounds on which the Court may dismiss Harrison's Complaint. First, they argue that sovereign immunity bars Harrison's complaint, and therefore, the Court lacks subject matter jurisdiction. Second, they argue that Harrison's Complaint fails to plausibly allege facts showing that a constitutional violation has occurred. As a final matter, Defendants argue that Harrison cannot maintain a suit against SSA because it is not a creditor agency responsible for Harrison's debt, but merely carried out its duties pursuant to the TOP.

Harrison opposes Defendants' Motion to Dismiss and also requests leave to amend his Complaint. However, Harrison's two proposed Amended Complaints fail to show that the Court has subject matter jurisdiction. Accordingly, the Court must grant Defendants' Motion to Dismiss and deny both of Harrison's Motions to Amend as futile.

A. MOTION TO DISMISS

Harrison has asserted a claim for constitutional violations by two federal agencies and has sought relief in the form of money damages. In order to survive Defendants' Motion to Dismiss, Harrison must show that this Court has subject matter jurisdiction, that sovereign immunity does not bar his claim, and that there are plausible facts supporting his allegation of constitutional violations. However, the sparse facts alleged and the authorities cited by Harrison do not meet these requirements.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. at 475 (internal citations and quotation marks omitted). Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed," *King*, 395 U.S. at 4, and must be construed strictly in favor of the sovereign, *Ruckelshaus*, 463 U.S. at 685-86.

Other than for tort actions, there are two primary statutes that waive sovereign immunity for civil actions against the United States: the Tucker Act and the Administrative Procedure Act ("APA"). The Little Tucker Act, 28 U.S.C. § 1346, allows for jurisdiction over claims for money judgments not exceeding $10,000. For these claims, district courts have concurrent jurisdiction with the Court of Federal Claims. The Big Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims exclusive jurisdiction over money claims against the United States where more than $10,000 is at stake. With few exceptions not relevant here, Tucker Act jurisdiction is limited to claims for monetary relief, not injunctive relief, and special venue requirements apply to claims under the Little Tucker Act. *See* 28 U.S.C. 1402(a); *Richardson v.*

5

*Morris*, 409 U.S. 464, 465 (1973) ("[T]he [Tucker] Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States."). The APA waives sovereign immunity for certain actions against the government: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA, however, applies only to claims "seeking relief other than money damages" and does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.*

In this case, Harrison's claim falls under neither of these waivers of sovereign immunity. Harrison does not seek injunctive relief, making the APA's limited waiver of sovereign immunity inapplicable. Similarly, he cannot benefit from the limited waiver of sovereign immunity codified in the Little Tucker Act because he seeks monetary damages well in excess of the statutory limit, $10,000.

At the hearing, Harrison indicated that he intended to bring his claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, ("FTCA"). The FTCA waives sovereign immunity for certain monetary claims brought by individuals injured by the tortious conduct of federal government employees. *See* 28 U.S.C. § 2674. However, the Supreme Court has held that constitutional torts—for example, claims for deprivation of a property interest arising from a due process violation—are not cognizable under the FTCA. *FDIC*, 510 U.S. at 475-78. Despite the fact that Harrison newly characterizes Defendants' conduct as tortious, he continues to assert constitutional violations. The basis for his claim is injury resulting from alleged deprivation of due process and equal protection at the hands of a federal agency—in other words, a constitutional tort. This is insufficient to bring his claims within the FTCA and overcome sovereign immunity. *See Popovic v. United States*, No. 98-1432, 1999 U.S. App. LEXIS 7593, at *16-17 (4th Cir. Apr. 20, 1999) (citing *FDIC*, 510 U.S. at 475-78).

6

Accordingly, sovereign immunity bars Harrison's claim and the Defendants' Motion to Dismiss must be granted.[3]

B. MOTION TO AMEND

Harrison filed a Motion for Leave to File an Amended Complaint (ECF No. 17) on November 14, 2013, and attached a proposed Amended Complaint thereto. Just prior to the hearing on December 19, 2013, Harrison filed a Second Motion to Amend (ECF No. 19). He requests that the Court grant his Second Motion to Amend pursuant to Federal Rule of Civil Procedure 15 and indicates that the second proposed Amended Complaint more clearly states the facts giving rise to his claim.

Under Rule 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The rule suggests that courts "should freely give leave when justice so requires." *Id*. This broad rule gives effect to the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Courts should only deny leave to amend on the grounds of futility when the proposed amendment is clearly insufficient or frivolous on its face. *See Johnson*, 785 F.2d at 10. In order

---

[3] Because sovereign immunity bars Harrison's claim, the Court need not reach the Government's alternative grounds for dismissal—namely, the Complaint's failure to state a claim and the inappropriateness of SSA as a Defendant. However, Harrison's Complaint fails to assert any facts tending to show that Defendants' conduct is unconstitutional and rests on conclusory assertions. Such conclusory assertions are insufficient to meet the requirements of Rule 8. Further, the Supreme Court has found constitutional the TOP's practice of offsetting student loan debt with social security benefits payments, *see Lockhart*, 546 U.S. 142, and at least one circuit court has held that only a creditor agency is a proper defendant for claims arising from the TOP, *see Johnson*, 300 F. App'x at 862 (affirming dismissal of a case brought against the Department of Treasury, rather than the creditor agency). As such, Defendants' alternative grounds for dismissal likely have merit.

to avoid denial on the basis of futility, a party seeking to amend must meet the requirements for the particular cause of action by plausibly alleging facts sufficient to survive a motion to dismiss. *See Pfizer v. Teva Pharmaceuticals USA, Inc.*, 803 F. Supp. 2d 459, 461 (E.D. Va. 2011).

Harrison's second proposed Amended Complaint does set out the factual basis for Harrison's claims more clearly. Harrison alleges that in 1980, he entered into a student loan agreement with the Virginia Educational Loan Authority ("VELA"). Harrison alleges that an agent of VELA or the DOE obtained a default judgment in Virginia state court in 1986. Harrison further alleges that this default judgment is unenforceable because he was not served with notice of the action and because an unspecified statute of limitations bars collections actions based on the default judgment. Harrison asserts that the DOE knows or should know that the default judgment is not enforceable.

As to the SSA, Harrison alleges that it received documents from the DOE asserting a collections claim against Harrison, but that the documents "clearly revealed to the SSA that Harrison had not been provided with notice as required by law." (Second Mot. Am. Compl., Ex. 1 ¶ 19.) Harrison asserts that Defendants' actions were committed intentionally and with total disregard for his rights. Harrison additionally asserts that notice of a tort claim was submitted to Defendants on January 28, 2013, with no response.

Finally, in the first proposed Amended Complaint, Harrison attempts to address Defendants' claim that subject matter jurisdiction was not properly alleged in the Complaint. To that end, he asserts that this Court "has jurisdiction to hear and decide the controversy which is the subject of this action" pursuant to 28 U.S.C. § 1331.

While Harrison's proposed amended complaints allege a more substantial factual basis for his claims, he has not identified any applicable waiver of sovereign immunity or basis for subject matter jurisdiction. Harrison attempts to invoke section 1331 as the basis for subject matter jurisdiction; however, "section 1331 'is not a general waiver of sovereign immunity. It merely establishes a subject matter that is within the competence of federal courts to entertain.'"

8

*Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1997), *cert. denied* 519 U.S. 1150 (1997) (quoting *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989); citing *Humphreys v. United States*, 62 F.3d 667 (5th Cir. 1995)). Further, the basis for Harrison's claim is a constitutional tort, for which the FTCA does not waive sovereign immunity. *See Popovic*, 1999 U.S. App. LEXIS 7593, at *16-17 (citing *FDIC*, 510 U.S. at 475-78).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss, DENIES Harrison's Motion for Leave to File Amended Complaint, and DENIES Harrison's Motion for Leave to File Second Amended Complaint.

Let the Clerk send a copy of this Memorandum to all counsel of record and to Plaintiff.

An appropriate Order will issue.

/s/
James R. Spencer
United States District Judge

ENTERED this 2nd day of January 2014.